UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK, | No. 2:13-cv-0264 JFM P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| C/O COLOSIMO, et al.,, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 23, 2013, the court found that plaintiff's February 11, 2013 complaint (ECF No. 1) states a cognizable claim for relief against defendants Beshears, Colosimo and Meriweather and directed plaintiff to complete and return the forms necessary for service of process within thirty days. On April 30, 2013, plaintiff filed a motion to amend his complaint. Plaintiff seeks to amend his complaint to add claims against three additional defendants. Plaintiff has not included a proposed amended complaint with his motion.[1]

---

[1] Plaintiff does, however, assert that the three proposed new defendants were identified as Doe defendants in his original complaint, and he provides information about his proposed new claims which are based on alleged events in February and March 2013. The claim in the original complaint arose in February 2012, and there are no allegations in the original complaint based on events in February or March 2013. Thus, while plaintiff did name Doe defendants in the original complaint, he did not include any charging allegations from which the court could conclude that the defendants he now seeks to sue were included among those Doe defendants. Indeed, the

1

On May 14, 2013, plaintiff submitted a completed summons and USM-285 forms, together with a request for three additional USM-285 forms and a new summons. He did not, however, submit the four copies of his original complaint required by the court's April 23, 2013 order apparently because he was awaiting ruling on his motion to amend. Plaintiff is entitled to amend his complaint once as of right prior to service. Fed. R. Civ. P. 15(a). However, he must file a proposed amended complaint which must be screened by the court prior to service pursuant to 28 U.S.C. § 1915A.

For the reasons set forth in footnote 1, herein, it is not clear whether plaintiff may proceed on the proposed new claims in this action. Accordingly, good cause appearing, plaintiff will be granted a period of thirty days in which to file either a proposed amended complaint or four copies of his original complaint filed in this action for service of process. If plaintiff chooses to file an amended complaint, plaintiff must therein allege facts demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, any proposed amended complaint must allege in specific terms how each named defendant is involved in the claimed constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

---

original complaint in this action was filed in this court on February 11, 2013, and was prepared by plaintiff before any of the events about which he now seeks to complaint occurred. Moreover, it is not clear that plaintiff has exhausted administrative remedies with respect to the events about which he now complains and he may not proceed on those claims in this or any other action prior to exhausting such remedies. See 42 U.S.C. § 1997e(a).

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2013 motion to amend (ECF No. 10) is denied as unnecessary.

2. Within thirty days from the date of this order, plaintiff shall submit either four copies of his original complaint or a proposed amended complaint.

3. If plaintiff decides to submit a proposed amended complaint, said first amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the proposed amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."

4. Failure to comply with this order may result in the dismissal of this action.

5. Plaintiff's May 14, 2013 request for additional summons (ECF No. 12) is denied without prejudice.

Dated:  June 18, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
mccl13cv0264.amd