UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCLINTOCK,<br><br>             Plaintiff,<br><br>     v.<br><br>COLOSIMO, et al.,<br><br>             Defendants. | No. 2:13-cv-0264-TLN-DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order filed June 19, 2013, the court denied plaintiff's motion to amend his complaint as unnecessary and granted plaintiff thirty days to either submit four copies of his original complaint or a proposed amended complaint. (ECF No. 13.) On July 22, 2013, plaintiff filed a proposed first amended complaint. (ECF No. 15.)

I.     Screening Requirement

The court is required to screen the proposed amended complaint. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp., 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Alantic Corp., 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Plaintiff's Allegations

In his amended complaint plaintiff alleges as follows with regard to each named defendant.

/////

/////

A. Allegations Concerning Defendants Beshears and Colosimo

On an unspecified date, defendant Colosimo, who was working as a control tower officer at an unspecified California state prison facility, closed a solid metal mechanical door on plaintiff as plaintiff was exiting through that door. (Amended Complaint (ECF No. 15) at 1.) "Plaintiff was kept pinned in the clamped door despite plaintiff's screams and shouting." (Id.) Defendant Beshears "was in direct visual alignment" with plaintiff and "chose to proceed with her newspaper reading" even though she had a key to manually release plaintiff from under the door. (Id.) Plaintiff was able to struggle his way out from under the door and immediately went to the B-Yard Clinic for medical care. (Id. at 1-2.)

B. Allegations Concerning Defendant Merriweather

The next day, as plaintiff was waiting for a meeting with Lieutenant Cherry regarding the previous day's incident involving Beshears and Colosimo, defendant Merriweather "thr[e]w plaintiff in a stand-only cage for isolation and delousing." (Id. at 2.) Plaintiff remained in the cage for an hour and a half. (Id.) Plaintiff claims that Merriweather did this to intimidate and retaliate against plaintiff. (Id.)

C. Allegations Concerning Defendant Casillas

On September 10, 2012, plaintiff was "patted down" by defendant Casillas while leaving Mess Hall A. (Id. at 4.) During this pat down, Casillas grabbed plaintiff's genitals with a sustained hold while looking into plaintiff's eyes. (Id.) When plaintiff inquired as to why Casillas was holding onto his crotch, Casillas replied by saying: "What are you gonna (sic) do about it?" (Id.) Plaintiff attempted to submit an informal interview request with Casillas to seek an explanation from Casillas regarding his actions, but Casillas crumpled up the request into a ball. (Id.) When plaintiff attempted to pick up the balled-up document, Casillas said to him: "Go ahead and pick that up and see what happens." (Id.)

On February 11, 2013, plaintiff was returning to his housing unit with another inmate when Casillas and another officer deliberately picked plaintiff and the other inmate out from a crowd of inmates, screamed at them, handcuffed them, and "physically man-handled [and] nearly dragged" them to the Program Office. (Id. at 6.) Plaintiff and the other inmate were then placed

3

1  in stand-only cages, where they remained for the next thirty minutes. (Id.) After they were
2  released, plaintiff and the other inmate were escorted by Casillas and the other officer. (Id.)
3  During this time, the officers continued to verbally abuse the inmates and Casillas kicked dirt at
4  plaintiff. (Id.)

5    Plaintiff further alleges that Casillas continued with a pattern of abuse directed towards
6  plaintiff in the days that followed the above events, including yelling at plaintiff and drawing
7  "personal artwork" on plaintiff's identification card with a black marker. (Id. at 6-7.)

8    D.  Allegations Concerning Defendants Lara and Roberts

9    On March 11, 2013, plaintiff reported to his kitchen work assignment where he "was given
10  conflicting directives on the quantity of 'bean distribution' by Staff Member Lara and the Cooks."
11  (Id. at 7.) Plaintiff mentioned these conflicting instructions to Lara, who told plaintiff to follow
12  the instructions he had given. (Id.) After plaintiff completed his shift, Lara and Roberts called
13  plaintiff into the Kitchen Office, closed the door, and directed plaintiff to write into the Kitchen
14  Log Book that he had "deliberately disobeyed Staff directives." (Id.) Plaintiff knew, however,
15  that writing in the log book would constitute a serious rules violation in itself. (Id. at 8.) For this
16  reason, plaintiff refused to sign the Log Book and left. (Id.) Eleven days later, plaintiff received
17  a 115 Rules Violation Report ("RVR") "for threatening physical injury to Staff by 'pointing over
18  to the Pot-Scullery' to fight it out." (Id.) Plaintiff alleges that the allegations made in the RVR
19  were fabricated by Lara and Roberts after plaintiff refused to sign the Log Book on March 11,
20  2013. (Id. at 8-9.) The issuance of this RVR resulted in plaintiff losing good time credit and
21  other privileges. (Id. at 9.)

22    E.  Relief Sought

23    Plaintiff seeks relief in the form of damages,[1] including punitive damages and court costs.
24  (Id. at 12.) Plaintiff further seeks an independent investigation of the California Department of

---

[1] In his amended complaint plaintiff actually mentions only punitive damages and court costs. However, the court construes the allegations of the complaint liberally in plaintiff's favor to find that plaintiff also requests monetary relief in the form of compensatory damages. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

Corrections' grievance process, full access to "Audio-Tele-Conferencing" with all courts involved in this action, and the restoration of all good time credits and other lost privileges, and removal of the RVR from plaintiff's record.  Id.

III.    Discussion

The undersigned finds that plaintiff's amended complaint states a cognizable claim under the Eighth Amendment against defendants Colosimo, Beshears, Meriweather, and Casillas.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits against these defendants.

The undersigned also finds, however, that in his amended complaint plaintiff has failed to state a cognizable claim against defendants Lara and Roberts.  The United States Supreme Court has held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  In Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The rule announced in Heck applies to prison disciplinary proceedings that result in the loss of good time credits.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Under Heck and Edwards, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate the disciplinary conviction or lost good time credits.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Plaintiff's claims against defendants Roberts and Lara are based solely upon their issuance of the RVR to plaintiff upon which he was convicted and therefore  implicate the validity of a prison disciplinary conviction that resulted in plaintiff's loss of good time credit and other privileges which have not been restored.  Plaintiff's disciplinary conviction in question has not been set aside by way of habeas relief or otherwise.  For that reason, plaintiff's claims against defendants Roberts and Lara must be dismissed without prejudice.

/////

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants Roberts and Lara be dismissed from this action without prejudice; and

2. If these findings and recommendations are adopted, the case be referred back to the undersigned for the issuance of an order directing service of the amended complaint on defendants Colosimo, Beshears, Meriweather, and Casillas.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 7, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.civilrights
Mccl0264.1amc.docx