UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCLINTOCK,<br><br>            Plaintiff,<br><br>     v.<br><br>COLOSIMO et al.,<br><br>            Defendant. | No. 2:13-cv-0264 TLN DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the court will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On August 15, 2014, counsel on behalf of defendants Casillas and Merriweather filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 35) On August 26, 2014, plaintiff filed a motion to stay this action in light of an interlocutory appeal he had filed challenging the undersigned's order denying him appointment of counsel. (Doc. No. 38) On October 28, 2014, the undersigned denied plaintiff's motion for a stay as having been rendered moot because the Ninth Circuit had dismissed plaintiff's interlocutory appeal for lack of jurisdiction. (Doc. No. 43) The undersigned also ordered plaintiff to file an opposition to defendants' motion for summary judgment. (Id.)

1

Instead of filing an opposition to defendants' motion, however, plaintiff filed a motion for reconsideration of the court's order denying his motion for a stay because plaintiff had since filed a motion for reconsideration with the Ninth Circuit. (Doc. No. 44) On January 8, 2015, the undersigned denied plaintiff's motion for reconsideration as also having been rendered moot because the Ninth Circuit by that time had already denied plaintiff's motion for reconsideration filed in that court and informed plaintiff that it would not entertain any further filings from him in that closed case. (Doc. No. 45) Once again, the undersigned then ordered plaintiff to file an opposition to defendants' motion for summary judgment, specifically warning plaintiff that no further delay would be tolerated and that "any failure on his part to file an opposition to defendants' motion for summary judgment in compliance with this order will result in a recommendation that this action be dismissed." (Id.) Nonetheless, the time for plaintiff to file his opposition to defendants' long-pending motion for summary judgment has now expired, and plaintiff still has not filed any opposition to that motion. Rather, plaintiff has filed yet another interlocutory appeal of the undersigned's order denying him appointment of counsel, which the Ninth Circuit recently dismissed as duplicative of plaintiff's prior appeal. (Doc. Nos. 46 & 49)

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

/////

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since February 11, 2013, and has some time ago reached the summary judgment stage of litigation. Plaintiff's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue. Notably, the court specifically warned plaintiff in its January 8, 2015 order that it would not tolerate further delay with respect to consideration of defendants' motion for summary judgment and that any failure on plaintiff's part to file an opposition to that motion would result in a recommendation that this action be dismissed. Inexplicably, plaintiff not only failed to file any opposition to defendants' motion for summary judgment as required, but instead, he has again filed a duplicative interlocutory appeal, which the Ninth Circuit has already dismissed. Under these circumstances, there is no suitable less drastic alternative to dismissal of this case. In short, plaintiff's repeated refusal to follow the court's orders has left the court stymied and made it impossible for this civil action to be adjudicated by the court. Therefore, due to plaintiff's conduct, the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants Casillas and Merriweather's motion for summary judgment prevents these defendants from addressing plaintiff's claims and unnecessarily delays resolution of this action thereby forcing all of the defendants to incur additional time and expense. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure…. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third,

/////

1   and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh
2   the general public policy favoring disposition of cases on their merits.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mccl0264.57