1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN MCCLINTOCK,                        No.  2:13-cv-0264 TLN DAD P

12              Plaintiff,

13        v.                                 ORDER AND

14   COLOSIMO et al.,                        FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  Pending before the court is a motion for summary judgment filed on behalf of

19   defendants Casillas and Merriweather.  The motion is based on plaintiff's alleged failure to

20   exhaust his available administrative remedies prior to filing suit as required.  Plaintiff has filed an

21   opposition to the motion.[1]

22                              **BACKGROUND**

23        Plaintiff is proceeding on an amended complaint against defendants Beshears, Casillas,

24   Colosimo, and Merriweather.  In his complaint, plaintiff alleges that defendant Colosimo closed a

---

[1]  On February 11, 2015, the undersigned issued findings and recommendations, recommending
dismissal of this action based on plaintiff's failure to file an opposition to defendants' motion for
summary judgment.  Plaintiff has filed objections to the court's findings and recommendations as
well as an opposition to defendants' motion.  In the interest of justice, the court will vacate its
previously issued findings and recommendations which recommended dismissal and will address
defendants' motion for summary judgment on the merits.

1

1   solid mechanical door on plaintiff and kept him pinned between the door and door frame for

2   several minutes, despite plaintiff's screaming and shouting.  According to plaintiff, defendant

3   Beshears saw this incident but continued to read her newspaper instead of using her key to

4   manually release plaintiff.  Plaintiff alleges that he eventually struggled free from the door and

5   sought medical care.  (Am. Compl. at 1-2.)

6         The following day, plaintiff was waiting to meet with a lieutenant about the incident

7   involving defendants Colosimo and Beshears when defendant Merriweather threw plaintiff into a

8   stand-only cage.  According to plaintiff, defendant Merriweather kept in him in the cage for an

9   hour and a half in retaliation for plaintiff complaining about defendants Colosimo and Beshears'

10   alleged misconduct the day before.  (Am. Compl. at 2.)

11         Plaintiff alleges that defendant Casillas also retaliated against him.  In this regard, plaintiff

12   alleges that on September 10, 2012, he was leaving the mess hall, and defendant Casillas stopped

13   him for a pat down.  During the pat down search, defendant Casillas grabbed plaintiff's genitals

14   and said "What are you going to do about it?"  Plaintiff tried to get an explanation for the

15   defendant's conduct, but defendant Casillas took plaintiff's informal request for interview form

16   and crumbled it into a ball.  Plaintiff further alleges that on February 11, 2013, defendant Casillas

17   stopped plaintiff and a fellow inmate, screamed at them, handcuffed them, and man-handled them

18   into the program office.  Plaintiff was placed in a stand-only cage and remained there for the next

19   thirty minutes.  After they were released, defendant Casillas continued to verbally abuse plaintiff

20   and kick dirt on him during an escort.  (Am. Compl. at 4-6.)

21         At screening, the court found that plaintiff's amended complaint appeared to state a

22   cognizable claim for relief against the defendants Colosimo, Beshears, Merriweather, and Casillas

23   and ordered service of the complaint on them.  (Doc. Nos. 17 & 19-20.)  Defendants have since

24   filed an answer, and defendants Casillas and Merriweather have filed the pending motion for

25   summary judgment based on plaintiff's alleged failure to exhaust his available administrative

26   remedies prior to filing suit as required.  (Doc. Nos. 24 & 35.)  On August 19, 2014, the court

27   stayed discovery for defendants Casillas and Merriweather pending resolution of their motion for

28   summary judgment.  (Doc. No. 37.)

# THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.

1   2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

2        A court may excuse a prisoner from complying with the PLRA's exhaustion requirement

3   if he establishes that the existing administrative remedies were effectively rendered unavailable to

4   him.  See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).  For example, where prison

5   officials improperly screen out inmate grievances, they can render administrative remedies

6   effectively unavailable.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case,

7   "the inmate cannot pursue the necessary sequence of appeals . . . ."  Id.  See also Nunez v.

8   Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he

9   was precluded from exhausting his administrative remedies by a warden's mistaken instruction to

10  him that a particular unavailable document was needed for him to pursue his inmate appeal);

11  Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to

12  the necessary grievance forms to timely file his grievance).

13       The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative

14  defense that defendants must plead and prove.  See Jones, 549 U.S. at 216 ("[I]nmates are not

15  required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at

16  1168.  A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n

17  the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint.  Albino,

18  747 F.3d at 1168 & 1169.  More typically, defendants are required to move for summary

19  judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a

20  prisoner's failure to exhaust.  See id. at 1166.  Specifically, "the defendant's burden is to prove

21  that there was an available administrative remedy, and that the prisoner did not exhaust that

22  available remedy."  Id. at 1172.  If the defendant carries that burden, "the prisoner has the burden

23  of production.  That is, the burden shifts to the prisoner to come forward with evidence showing

24  that there is something in his particular case that made the existing and generally available

25  administrative remedies effectively unavailable to him."  Id.  If the undisputed evidence viewed

26  in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant

27  defendant's motion for summary judgment.  Id. at 1166.  On the other hand, if there are material

28  facts in dispute, the court should deny defendant's motion summary judgment.  Id.

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE**

In support of the pending motion for summary judgment for failure to exhaust administrative remedies prior to filing suit, defense counsel has submitted a statement of undisputed facts supported by citations to declarations signed under penalty of perjury by R. Briggs, Acting Chief of the Office of Appeals, and M. Elorza, Appeals Coordinator at Mule Creek State Prison. In addition, defense counsel has submitted a copy of plaintiff's relevant inmate appeal and prison officials' responses thereto. The evidence submitted by defense counsel in support of the pending motion for summary judgment establishes the following.

At all relevant times, plaintiff was a prisoner incarcerated at Mule Creek State Prison. On February 11, 2013, plaintiff commenced this action, and on July 22, 2013, he filed the operative amended complaint. In his amended complaint, plaintiff alleges that defendant Merriweather placed plaintiff in a "stand-only cage" before he was interviewed for a 602 inmate grievance. Plaintiff also alleges that on September 10, 2012, defendant Casillas inappropriately held plaintiff's genitals during a pat down. (Defs.' SUDF 1-2, Pl.'s Am. Compl. at 1-2 & 4.)

On February 14, 2012, plaintiff submitted Appeal Log No. MCSP-12-00248. Plaintiff described the subject of that inmate appeal as "Staff/Employee Misconduct Towards an Inmate." In the inmate appeal, plaintiff complains that on February 13, 2012, at 8:50 a.m., he was trapped by a mechanical door; that Correctional Officer Beshears saw that he was trapped and radioed the control room officer, defendant Colosimo, to inform him that plaintiff was stuck in the door; that defendant Colosimo stated over the radio "I don't care"; and that plaintiff then freed himself from the door and went to the clinic for medical care. (Defs.' SUDF 3, Elorza Decl., Ex. A.)

Prison officials characterized plaintiff's inmate appeal as a "Staff Complaint" and sent it directly to the second level of review. On April 16, 2012, the second level of review partially granted the appeal. Plaintiff appealed, and on July 13, 2012, the third level of review denied his inmate appeal. (Defs.' SUDF 4-5, Elorza Decl., Briggs Decl. Ex. B.)

Plaintiff's inmate appeal does not identify or contain any allegations of misconduct against defendants Casillas or Merriweather. Moreover, plaintiff did not file any other inmate

/////

1  appeals regarding defendants Casillas or Merriweather. (Defs.' SUDF 6-7, Elorza Decl., Ex. A,

2  Briggs Decl.)

3  **ANALYSIS**

4  Based on the evidence presented in connection with the pending motion for summary

5  judgment, the court finds that plaintiff failed to properly exhaust his administrative remedies prior

6  to filing suit as required. The Ninth Circuit has held that:

7
> A grievance need not include legal terminology or legal theories
> unless they are in some way needed to provide notice of the harm
8
> being grieved. A grievance also need not contain every fact
> necessary to prove each element of an eventual legal claim. The
9
> primary purpose of a grievance is to alert the prison to a problem
> and facilitate its resolution, not to lay groundwork for litigation.
10

11  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). See also McCollum v. Cal. Dep't of

12  Corrs. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) ("While an inmate need not articulate a

13  precise legal theory, 'a grievance [only] suffices if it alerts the prison to the nature of the wrong

14  for which redress is sought.'") (quoting Griffin, 557 F.3d at 1120).

15  In this case, it is undisputed that Appeal Log No. MCSP-12-00248 was the only

16  administrative appeal that plaintiff submitted regarding the allegations of his amended complaint

17  in this civil action. As defense counsel argues, however, Appeal Log No. MCSP-12-00248 did

18  not include sufficient detail to put prison officials on notice of plaintiff's constitutional claims

19  against defendants Casillas or Merriweather. Specifically, plaintiff did not identify defendants

20  Casillas or Merriweather in his inmate appeal. See Cal. Code. Regs. tit. 15, § 3084.1

21  ("Administrative remedies shall not be considered exhausted relative to any new issue,

22  information, or person later named by the appellant that was not included in the originally

23  submitted CDCR Form 602."). Moreover, plaintiff did not complain about any alleged

24  misconduct on the part of defendants Casillas or Merriweather in his lone inmate appeal. Id. §

25  3084.2(a)(4) ("The inmate or parolee shall state all facts known and available to him/her

26  regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and

27  if needed, the Inmate/Parolee Appeal Form Attachment.").

28  /////

1    The undersigned observes that in the "Action Requested" portion of plaintiff's inmate

2    appeal form, he wrote, "cease all intimidations and harassments forthwith." (Elorza Decl. Ex. B.)

3    Even assuming plaintiff was referring to defendants' alleged misconduct, such a vague request

4    would not be enough to satisfy the exhaustion requirement for the retaliation claims he now

5    asserts against defendants Casillas and Merriweather in this action.  Specifically, plaintiff did not

6    mention or even suggest retaliation in his inmate appeal.  Nor did plaintiff include any allegations

7    in that inmate appeal about his constitutionally protected conduct or mention or suggest any

8    retaliatory motive on any defendants' part.  See, e.g., Walton v. Hixson, No. CIV S-09-1246 GEB

9    CKD, 2011 WL 6002919 at *2 (E.D. Cal. Nov. 30, 2011) (finding that a prisoner's inmate

10   grievance complaining about prison official's interference with his praying was not sufficient to

11   alert prison to plaintiff's claim that the alleged  interference was in retaliation for plaintiff

12   submitting a grievance against the official); Simpson v. Feltsen, No. 2:09-cv-00302 MSB, 2010

13   WL 5288181 at *5  (E.D. Cal. Dec. 17, 2010) (assuming that a prisoner's inmate grievance was

14   improperly screened out, even if it had been accepted and pursued it would not have sufficed to

15   exhaust a retaliation claim because it made no mention of the prisoner's exercise of his First

16   Amendment rights that allegedly precipitated the prisoner's retaliatory transfer); Martinez v.

17   Adams, No. 1:09cv00899 LJO DLB, 2010 WL 3912359 at *5 (E.D. Cal. Oct. 5, 2010) (finding a

18   failure to exhaust a retaliation claim because plaintiff's inmate grievances did not "mention

19   retaliation or set forth facts that would alert a prison official to retaliatory conduct for protected

20   conduct"); Gonzalez v. Doe, No. 07-CV-1962 W (POR), 2010 WL 3718873 at *5 (S.D. Cal. Sept.

21   20, 2010) ("Even construed liberally, Plaintiff's comments in his Director's level appeal cannot

22   be read as anything more than claims regarding the seriousness of having false confidential

23   information in a prison file, which does not provide notice that the grievances included

24   retaliation."); Trevino v. McBride, No. 1:08-cv-1649 AWI DLB PC, 2010 WL 2089660 at *3

25   (E.D. Cal. May 21, 2010) (finding plaintiff had "not sufficiently alerted the prison officials to a

26   problem regarding retaliatory acts by correctional officers . . . as there is no linkage mentioned

27   between previously filed lawsuits and the Defendants' deprivation of his property."); Thomas v.

28   Sheppard-Brooks, No. 1:06-cv-01332 LJO YNP PC, 2009 WL 3365872 at *5 (E.D. Cal. Oct. 16,

1   2009) (prisoner's inmate grievance did not provide prison officials with notice of his retaliation

2   claim because he failed to notify prison officials that his cell housing without light was

3   retaliatory).  This case is no different than those cited above.

4           Accordingly, the motion for summary judgment filed on behalf of defendants Casillas and

5   Merriweather based on plaintiff's failure to exhaust his administrative remedies prior to filing suit

6   should be granted.

7                                    **OTHER MATTERS**

8           Also pending before the court are several of the parties' discovery motions.  First, plaintiff

9   has filed a motion to compel in which he appears to seek a court order requiring defendants to

10  produce certain documents for his review.  (Doc. No. 36)  However, the record in this case

11  demonstrates that plaintiff has not actually served defendants with any discovery requests.

12  Specifically, plaintiff has not attached to his motion to compel copies of his discovery requests or

13  defendants' responses thereto.  In addition, in opposition to plaintiff's motion to compel, defense

14  counsel has submitted a declaration stating under penalty of perjury that plaintiff had not served

15  counsel with any written discovery requests.  Plaintiff is advised that filing a motion to compel is

16  appropriate only after a party fails to provide responses to interrogatories submitted under Rule

17  33, or fails to produce relevant, non-privileged documents requested pursuant to Rule 34.  See

18  Rule 37(a)(3)(B).  Accordingly, the court will deny plaintiff's motion to compel.

19          Defendants Beshears and Colosimo, non-parties to the pending motion for summary

20  judgment, have also filed a motion to compel.  (Doc. No. 41)  Therein, defense counsel argues

21  that plaintiff has not responded to defendant Beshears' Request for Production of Documents to

22  plaintiff (Set One), defendant Beshears' Request for Responses to Interrogatories (Set One), and

23  defendant Colosimo's Request for Responses to Interrogatories (Set One).  (Id.)  Plaintiff has not

24  filed an opposition or otherwise responded to defendants' motion to compel.

25          Based on plaintiff's failure to oppose or otherwise respond to defendants' motion to

26  compel, the court must assume that plaintiff has failed to comply with the court's discovery and

27  scheduling order, which requires the parties to respond to written discovery requests within forty-

28  five days after the request is served.  (Doc. No. 25 at 4)  Pursuant to Rule 37 of the Federal Rules

of Civil Procedure, the court will order plaintiff to provide full and complete responses to defendants' discovery requests.  See Fed. R. Civ. P. 37(a)(4) (court may order further responses to an "evasive or incomplete disclosure, answer, or response.").  Plaintiff is cautioned that"[t]he discovery process is subject to the overriding limitation of good faith obligation."  Asea v. Southern Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981)).  If plaintiff fails to comply with this court's order with respect to discovery, the court will recommend that this action be dismissed.

Finally, in light of plaintiff's failure to participate in the discovery process to date, defendants Beshears and Colosimo have requested an extension of time to conduct further discovery and to file a dispositive motion.  Defense counsel contends that defendants Beshears and Colosimo have been waiting to take plaintiff's deposition until after they received plaintiff's responses to their written discovery requests.  Good cause appearing, the court will grant defendants' request for additional time to take plaintiff's deposition and to file dispositive motions, if appropriate.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  The court's February 11, 2015 findings and recommendations are vacated;

2.  Plaintiff's motion to compel (Doc. No. 36) is denied;

3.  Defendants' motion to compel (Doc. No. 41) is granted;

4.  Within thirty days of the date of service of this order, plaintiff shall serve on defense counsel full and complete responses to defendant Beshears' Request for Production of Documents to plaintiff (Set One), defendant Beshears' Request for Responses to Interrogatories (Set One), and defendant Colosimo's Request for Responses to Interrogatories (Set One).  Failure to comply with this court's order in this regard will result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b);

5.  Defendants' request for an extension of time to conduct plaintiff's deposition and to file a dispositive motion (Doc. No. 41) is granted.  Within sixty days of the date of this order,

/////

1    defendants shall take plaintiff's deposition.  Within ninety days of the date of this order,

2    defendants may file a dispositive motion; and

3           6.  Except as provided herein, the court's discovery and scheduling order remains in

4    effect.

5           IT IS HEREBY RECOMMENDED that:

6           1.  The motion for summary judgment filed on behalf of defendants Casillas and

7    Merriweather based on plaintiff's failure to exhaust administrative remedies prior to filing suit as

8    required (Doc. No. 35) be granted; and

9           2.  Defendants Casillas and Merriweather be dismissed from this action without prejudice.

10          These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15   objections shall be filed and served within seven days after service of the objections.  The parties

16   are advised that failure to file objections within the specified time may waive the right to appeal

17   the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   Dated:  March 5, 2015

19

20   _____

21   DAD:9           DALE A. DROZD
     mccl0264.57fte    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28