UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCLINTOCK, | No. 2:13-cv-0264 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| COLOSIMO et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court are several motions filed by plaintiff. For the reasons discussed below, the court will deny those motions. In addition, the court will at this time order the parties to participate in a mandatory settlement conference.

First, plaintiff has filed a motion to modify the court's discovery and scheduling order. Under that order, the parties were allowed to conduct discovery until October 17, 2014, and file any pretrial motions on or before January 9, 2015. Plaintiff now seeks additional time to conduct discovery. Plaintiff notes that he had requested a stay of this action, which this court ultimately denied as moot, while he pursued an interlocutory appeal of this court's order denying him the appointment of counsel. The Ninth Circuit dismissed plaintiff's interlocutory appeal for lack of jurisdiction and subsequently denied plaintiff's request for reconsideration.

/////

Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992). In this regard, the court may modify a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. See also Zivkovich v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

Here, plaintiff has not demonstrated good cause to modify the court's discovery and scheduling order. Specifically, plaintiff has not described what efforts he undertook to meet the discovery deadline previously set by the court in this action. Moreover, as to plaintiff's filing of an interlocutory appeal of this court's order denying his request for appointment of counsel, his appeal to the Ninth Circuit did not relieve him of the duty to prosecute this action. See Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established than an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."). Accordingly, the court will deny plaintiff's motion to modify the court's discovery and scheduling order which was filed long after the time for conducting discovery in this action had closed.

Plaintiff has also filed a motion to compel discovery. As discussed above, under the court's discovery and scheduling order, the parties were allowed to conduct discovery until October 17, 2014. Plaintiff's motion to compel, filed on February 24, 2015, is untimely. Accordingly, the court will deny the motion.[1]

/////

---

[1] Plaintiff has also filed a motion styled "motion to federal judge discovery of witnesses." In the motion, plaintiff asserts "In the interest of justice in finding discovery of witnesses . . . plaintiff should have first rights of their findings and locations of all person(s)." Insofar as this is a discovery motion by plaintiff, it too is untimely under the court's discovery and scheduling order. In any event, the court is unable to decipher what relief plaintiff seeks from the court. Accordingly, the court will deny this motion as well.

Finally, plaintiff has filed a request for the undersigned Magistrate Judge to recuse himself from issuing further rulings in this civil action. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

In this case, plaintiff's conclusory allegations fail to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. Insofar as plaintiff disagrees with the undersigned's rulings to date, he is advised that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Litkey v. United States, 510 U.S. 540, 555 (1994). Rather, judicial rulings are a basis for appeal after a final judgment, not recusal. Id. Accordingly, the court will deny plaintiff's request for recusal.

The court will now instruct the parties on how the rest of this matter will proceed. As noted above, under the court's discovery and scheduling order, the parties were required to file any pretrial motions on or before January 9, 2015. Defense counsel had filed a motion for summary judgment on behalf of defendants Casillas and Merriweather. On March 5, 2015, the undersigned issued findings and recommendations, recommending that the motion for summary judgment based on failure to exhaust administrative remedies prior to filing suit as required be granted. On April 20, 2015, the assigned District Judge adopted those findings and recommendations in full, granted defendants' motion for summary judgment, and dismissed defendants Casillas and Merriweather from this action. Plaintiff's claims against defendants Colosimo and Beshears remain pending before the court.

/////

In the court's discovery and scheduling order, the court advised the parties that it would set pretrial conference and trial dates, as appropriate, after adjudication of any dispositive motion or upon expiration of the time for filing such a motion.  The time for filing any additional dispositive motions has now passed.  In due course, the court will issue a further scheduling order setting dates for pretrial statements, pretrial conference, and jury trial.  However, before issuing that order, the court will set a mandatory settlement conference in this case.  If available at his institution of confinement, the court may order that plaintiff participate in the settlement conference by way of video-conferencing.  Pursuant to Local Rule 270(b), the parties will be directed to inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge or if they wish to be referred to the court's mediation program for assignment of another magistrate judge to preside over that settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the court's discovery and scheduling order (Doc. No. 55) is denied;

2. Plaintiff's motion to compel (Doc. No. 56) is denied;

3. Plaintiff's "motion to federal judge discovery of witnesses" (Doc. No. 62) is denied;

4. Plaintiff's request for recusal (Doc. No. 63) is denied;

5. Within twenty-one days of the date of this order, each party shall inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge or if they wish to be referred to the court's mediation program.  If the parties wish to proceed before the undersigned magistrate judge, each party shall return to the court the consent form for settlement conferences provided with this order.  If the parties do not wish the undersigned magistrate judge to preside at the settlement conference, each party shall file a declaration stating he wishes to be referred to the court's mediation program; and

/////
/////
/////

6. The Clerk of the Court is directed to send each party the consent form for settlement conferences.

Dated: May 1, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mccl0264.sc