1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN MCCLINTOCK,                           No.  2:13-cv-0264 TLN AC P (TEMP)

12                  Plaintiff,

13          v.                                 ORDER AND

14  COLOSIMO et al.,                           FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action.  Pending before the

18  court is defendants' motion for terminating sanctions or alternatively, evidentiary sanctions.

19  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

20          For the reasons discussed herein, the court will recommend denying defendants' motion.

21                      **DEFENDANTS' MOTION FOR SANCTIONS**

22          Defendants Beshears and Colosimo have filed a motion for terminating sanctions, or

23  alternatively, evidentiary sanctions based on plaintiff's alleged failure to comply with a prior

24  court order granting defendants' motion to compel and directing plaintiff to respond to

25  Defendants' Request for Production of Documents (Set One), Defendant Beshears' Request for

26  Responses to Interrogatories (Set One), and Defendant Colosimo's Request for Responses to

27  Interrogatories (Set One) (collectively, "defendants' discovery requests").  (ECF No. 65)  In

28  opposition to defendants' motion, plaintiff declares under penalty of perjury that he responded to

1

1   defendants' discovery requests even before the court had issued its order granting defendants'

2   motion to compel.  (ECF No. 68)  He has attached to his opposition a copy of his discovery

3   responses and a copy of his prison mail log reflecting his outgoing mail to the Attorney General's

4   Office and this court.  (Id., Attachs.)  Defense counsel contends in reply that even if plaintiff had

5   properly served his responses, they are not "full and complete," he waived his objections, and he

6   did not verify the truth of his responses to defendants' interrogatories.  (ECF No. 69)

7                                    **DISCUSSION**

8          First, the court will address defendants' request for terminating sanctions.  Rule 37 of the

9   Federal Rules of Civil Procedure permits the court, in its discretion, to "dismiss[ ] the action or

10   proceeding in whole or part" if a party fails to comply with an order compelling discovery.  Fed.

11   R. Civ. P. 37(b)(2)(A)(v).  In determining whether to impose terminating sanctions, the court

12   must weigh the following five factors:

13              (1) the public's interest in expeditious resolution of litigation; (2)
                the court's need to manage its dockets; (3) the risk of prejudice to
14              the party seeking sanctions; (4) the public policy favoring
                disposition of cases on their merits; and (5) the availability of less
15              drastic sanctions.  The sub-parts of the fifth factor are whether the
                court has considered lesser sanctions, whether it tried them, and
16              whether it warned the recalcitrant party about the possibility of
                case-dispositive sanctions.
17

18   Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007)

19   (footnotes omitted).  Terminating sanctions are drastic, and therefore, the court should only

20   impose them when a party's noncompliance with a discovery order is "due to willfulness, bad

21   faith, and fault."  New Images of Beverly Hills, 482 F.3d at 1096; Computer Task Group v.

22   Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507

23   (9th Cir. 1997)).

24          In this case, the court does not need to weigh the five factors listed above because there is

25   no indication that plaintiff willfully refused to respond to this court's discovery order or acted in

26   bad faith.  Plaintiff prepared his responses and at least attempted to serve them on defense

27   counsel.  Although counsel experienced a delay in receiving the responses, counsel now has them.

28   Accordingly, the court concludes that terminating sanctions are unwarranted.

1    As to defendants' alternative request for evidentiary sanctions, Rule 37 permits the court

2    to issue sanctions "prohibiting the disobedient party from supporting or opposing designated

3    claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P.

4    37(b)(2)(A)(ii).  Evidentiary sanctions may often constitute a lesser sanction.  In this case,

5    however, the sanctions defendants seek would effectively preclude plaintiff from presenting any

6    evidence in support of his claims at trial.  Imposing such sanctions would be tantamount to

7    granting a default judgment in defendants' favor.

8    In this case, for the reasons discussed above, the court declines to find that plaintiff has

9    failed to obey this court's discovery order.  Plaintiff appears to have made a good-faith effort to

10   respond to defendants' discovery requests and to serve his responses on defense counsel.  See

11   Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998) ("[W]hat

12   is most critical for case-dispositive sanctions . . . is whether the discovery violations "threaten to

13   interfere with the rightful decision of the case.").  Accordingly, the court concludes that

14   evidentiary sanctions are also unwarranted.

15   Defendants also alternatively request an additional forty-five days to take plaintiff's

16   deposition and possibly file a further motion to compel.  Defense counsel contends that

17   defendants had been waiting to take plaintiff's deposition until after they received his responses

18   to their written discovery requests.  Defendants also request an appropriate extension of time to

19   file a dispositive motion.

20   Good cause appearing, the court will grant defendants' requests for additional time to

21   conduct plaintiff's deposition and to file a dispositive motion in this action.  As to defendants'

22   request for additional time to file a further motion to compel, however, if plaintiff answers

23   defense counsel's questions at his deposition there should be no need for defendants to conduct

24   additional written discovery, requiring further hand-written responses by plaintiff to defendants'

25   discovery requests.  If, on the other hand, plaintiff is uncooperative or evasive at his deposition,

26   defense counsel may file a further motion to compel and attempt to persuade the court that

27   plaintiff has truly thwarted counsel's efforts to obtain discovery illuminating the precise nature of

28   ////

3

his claims.[1]  See Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("district courts

have broad discretion to manage discovery and to control the course of litigation").

**OTHER MATTERS**

Plaintiff has filed a motion styled "Motion to Expand the Record Taking Judicial

Evidence."  In his motion, plaintiff contends that since he filed this cause of action defendants or

their co-workers have subjected him to negative retaliatory actions.  He asks the court to "expand

the record" to include evidence of these purported actions.  Plaintiff's motion is difficult to

decipher, but since it appears he wishes to supplement his complaint with the retaliation

allegations he asserts in his motion, the court has construed plaintiff's motion as a motion to file a

supplemental complaint.

Under Rule 15(d) of the Federal Rules of Civil Procedure, "the court may, on just terms,

permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "While

leave to permit supplemental pleading is favored, it cannot be used to introduce a separate,

distinct and new cause of action."  Planned Parenthood of Southern Arizona v. Neely, 130 F.3d

400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

In this case, plaintiff is proceeding on Eighth Amendment claims based on defendant

Colosimo allegedly closing a mechanical door on him for several minutes despite plaintiff's

screaming and shouting and defendant Beshears allegedly refusing to intervene on plaintiff's

behalf to manually release the door with her key.  Plaintiff's proposed supplemental complaint

asserting First Amendment retaliation claims should therefore be the subject of a new and

separate cause of action from this one.  See, e.g., Contreraz v. Stockbridge, No. 1:06-cv-01817

LJO SKO PC, 2012 WL 396503 at *1 (E.D. Cal. Feb.7, 2012) (denying plaintiff's motion to file

---

[1]  Insofar as defense counsel argues in defendants' reply that plaintiff's responses to defendants'
discovery requests are insufficient or improper, the court notes that the issue raised by
defendants' pending motion is whether plaintiff complied with the court's order requiring him to
respond to defendants' discovery requests.  The court is satisfied that plaintiff attempted to serve
his discovery responses on defense counsel and will refrain from addressing whether plaintiff's
responses to defendants' discovery requests are proper, unless and until defendants raise these
arguments in a motion to compel.

1  supplemental complaint because his proposed supplement allegations gave rise to a new causes of

2  action); Gonzales v. Mason, No. C 07–180 SI (pr), 2008 WL 2079195 at *2 (N.D. Cal. May 15,

3  2008) (denying plaintiff's motion to file supplemental complaint because the proposed

4  supplement included different defendants and new claims).  Allowing plaintiff to proceed on any

5  supplemental retaliation claims would not promote judicial efficiency, the goal of Rule 15(d).

6  See Planned Parenthood, 130 F.3d at 402.  Moreover, there are no "technical obstacles" to

7  plaintiff bringing a separate action based on his retaliatory allegations.  Id.  Accordingly, the court

8  will deny plaintiff's motion to file a supplemental complaint.

9  **CONCLUSION**

10  In accordance with the above, IT IS HEREBY ORDERED that:

11  1.  Defendants' request for additional time to conduct plaintiff's deposition (ECF No. 65)

12  is granted.  Within forty-five days of the date of this order defendants shall conduct plaintiff's

13  deposition;

14  2.  Defendants' request for additional time to file a further motion to compel (ECF No. 65)

15  is granted in part.  Defendants may file a further motion to compel, if necessary, within thirty

16  days after having completed plaintiff's deposition;

17  3.  Defendants' request for additional time to file a dispositive motion in this case (ECF

18  No. 65) is granted.  Within ninety days of the date of this order defendants shall file any

19  dispositive motion; and

20  4.  Plaintiff's "Motion to Expand the Record Taking Judicial Evidence" construed as a

21  motion to file a supplemental complaint (ECF No. 67) is denied.

22  IT IS HEREBY RECOMMENDED that defendants' motion for terminating sanctions or

23  alternatively, evidentiary sanctions (ECF No. 65) be denied.

24  These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6