UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCLINTOCK, | No. 2:13-cv-0264 TLN AC (TEMP) P |
| Plaintiff, | |
| v. | ORDER |
| COLOSIMO et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

1

success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners do not establish exceptional circumstances.

In this case, the court does not find the required exceptional circumstances at this time. Plaintiff's Eighth Amendment claims are not particularly complex, and plaintiff has thus far been able to articulate his claims pro se.  Plaintiff's limited legal knowledge and potential discovery disputes with defendants are circumstances common to most prisoners that do not warrant appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 73) is denied without prejudice.

DATED: April 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE