UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK, | No.  2:13-cv-00264-TLN-DB |
| Plaintiff, | |
| v. | ORDER |
| COLOSIMO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2017, the Magistrate Judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 86.)  Defendants have filed objections to the findings and recommendations.[1]  (ECF No. 87.)

---

[1] In their objections, Defendants accuse the Magistrate Judge of "improperly assum[ing] the role of Plaintiff's attorney."  (ECF No. 87 at 4.)  The basis of this charge is Defendants' apparent belief that they are automatically entitled to have their motion for summary judgment granted because the Magistrate Judge concluded Plaintiff failed to comply with Local Rule 260(b) in opposing their motion.  (ECF No. 87 at 2–3.)  This is not the law. *Pinder v. Employment Dev. Dep't*, No. 2:13-CV-00817-TLN-DB, 2017 WL 56863, at *7 (E.D. Cal. Jan. 5, 2017) (explaining that a district court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed").  Even "[w]hen a summary judgment motion is unopposed, a district court must 'determine whether summary judgment is appropriate — that is, whether the moving party has shown itself to be entitled to judgment as a matter of law.'"  *Id*.  Of course, "[a] court 'need not *sua sponte* review all of the evidentiary materials on file at the

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 2, 2017 (ECF No. 86), are adopted in full;

2. Defendants' motion for summary judgment (ECF No. 79) is denied; and

3. Plaintiff's motion to be returned to previous housing (ECF No. 76) is denied.

Dated: March 31, 2017

*[signature]*
Troy L. Nunley
United States District Judge

---

time the motion is granted, *but [the court] must ensure that the motion itself is supported by evidentiary materials*.'"  *Id*. (emphasis added).

Quite simply, there is no indication that the Magistrate Judge did anything improper.  Moreover, the Magistrate Judge explained that she considered Plaintiff's opposition to Defendants' motion in concluding that Plaintiff disputed Defendants' version of events because the opposition was made under "penalty of perjury." (ECF No. 86 at 9 n.3)  She did so relying on *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).  *Johnson v. Meltzer*, 134 F.3d 1399–1400 (9th Cir. 1998), — upon which *Jones* relies — held that statements in a sworn opposition of a pro se litigant "are evidence to be considered when deciding a motion for summary judgment."  Defendants make no effort to explain why this is not the case here.  As Defendants correctly observe the purpose of objections is to identify errors in the findings and recommendations.  The Court hereby admonishes Defendants that objections are not to be used as a vehicle for personally attacking a United States magistrate judge.