UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COLOSIMO, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-0264 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants Colosimo and Beshears violated his Eighth Amendment rights to be free of cruel and unusual punishment when they allowed a door to remain closed on him. After resolution of defendants' summary judgment motion, the court issued a further scheduling order setting a deadline of June 15, 2017 for plaintiff's pretrial statement.

Before the court are two motions filed by plaintiff in which he seeks the appointment of counsel to assist in trial preparation and a court order requiring the prison to permit plaintiff to communicate with potential witnesses, some of whom are incarcerated. In a letter to the court dated April 21, 2017, plaintiff states that he requested from the litigation office "instructions for third-party waiver to obtain affidavits from material witnesses." (ECF No. 92.) Plaintiff informs the court that due to defendants' conduct during discovery, he anticipates they will "create

1

barriers to obtain witnesses" and he intends to file a motion for an order requiring the prison to permit plaintiff to communicate with potential witnesses. However, plaintiff does not describe any barriers he had, in fact, encountered.

On May 1, plaintiff filed a request that the court order the prison's litigation office to permit him to communicate with other inmates and staff regarding his case. (ECF No. 93.) However, again, plaintiff does not state that he was denied the right to do so. Plaintiff also requests video conferencing for himself and incarcerated witnesses for pretrial and trial events.

Also on May 1, plaintiff filed a motion for the appointment of counsel. Primarily, plaintiff contends that he requires counsel due to the complexities of trial.

If plaintiff wishes to introduce the testimony of incarcerated witnesses at trial, his pretrial statement must include an affidavit explaining the substance of any prospective witnesses' testimony and informing the court whether or not the witness is willing to attend trial. (See ECF No. 91 at 2.) Therefore, plaintiff may need to communicate with incarcerated potential witnesses in order to prepare his statement. While a similar affidavit is not necessary for the testimony of witnesses who are not incarcerated, the court recognizes that plaintiff may need to communicate with them as well to prepare for trial. Plaintiff has not shown that he has been denied the right to communicate with incarcerated or other witnesses. Therefore, the court will deny his request for an order requiring the prison to permit that communication. If plaintiff has made the request, and has been denied, he may then seek the court's assistance. To do so, plaintiff must identify each person he seeks to communicate with and explain why he feels each potential witness's testimony is relevant to his case. If difficulties in communicating with witnesses are time-consuming, plaintiff may seek an extension of the deadline for filing his pretrial statement.

Plaintiff's request for the appointment of counsel will be denied. As plaintiff has been informed previously, the court will only appoint counsel upon a showing of exceptional circumstances. (See Orders dated July 29, 2014; April 8, 2016.) The facts that preparing for and conducting a trial may be difficult are not exceptional circumstances.

////

////

2

Finally, plaintiff is advised that his request for video conferencing is premature. Neither a pretrial conference nor trial have been scheduled at this time. The methods for taking any in-court testimony can be addressed at a later date.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's May 1, 2017 "Request for Court Order on Defendants' Litigation Office Coordinator" (ECF No. 93) is denied without prejudice; and
2. Plaintiff's May 1, 2017 motion for appointment of counsel (ECF No. 94) is denied.

Dated: May 25, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/mccl0267.wit comm