UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK, | No. 2:13-cv-0264 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| COLOSIMO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants Colosimo and Beshears violated his Eighth Amendment right to be free of cruel and unusual punishment when they allowed a door to remain closed on him. In a further scheduling order issued April 14, 2017, the court set a deadline of June 15, 2017 for plaintiff's pretrial statement. (ECF No. 91.) Plaintiff moves the court for an extension of that deadline because his legal materials were lost or taken. (ECF No. 99.) In a separate motion, plaintiff seeks an order from the court requiring an investigative report regarding his missing property. (ECF No. 100.)

Plaintiff establishes good cause for an extension of time. However, plaintiff does not specify how long he seeks. He states only that he "may" require 90 to 120 days. The court finds a 60-day extension of time reasonable. If plaintiff requires additional time, he may make a

////

1

motion. The court will also give defendants a commensurate extension for their pretrial statement.

In his motion, plaintiff expresses concerns about paying for the notarization of affidavits of his incarcerated witnesses. Plaintiff is advised that this court does not require notarization of any affidavits to accompany a pretrial statement. See E.D. Cal. R. 280; Apr. 14, 2017 Further Scheduling Order (ECF No. 91). An affidavit is a document which sets out events and facts within the personal knowledge of the affiant. It is defined by Local Rule 101 as "a declaration prepared in accordance with federal law. See 28 U.S.C. § 1746." Under § 1746, an affidavit executed in the United States must include language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)."

In his second motion, plaintiff complains about the lack of an internal affairs investigation report on his missing property. To the extent plaintiff is seeking redress for the taking of his property, plaintiff must seek any relief in a separate suit. He is also informed that if he wishes to make a due process claim in this court based on the deprivation of his property, he must show the deprivation was intentional and "was carried out pursuant to established state procedures, regulations or statutes." Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). If the deprivation of his property was not done pursuant to a state procedure, in other words it was unauthorized, then plaintiff cannot state a claim under the Due Process Clause of the Fourteenth Amendment. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff's remedy for an unauthorized deprivation of his property is through a state tort claim under California Government Code §§ 900, et seq.

To the extent plaintiff is informing the court about the basis for delay in his ability to file a pretrial statement, those concerns are addressed by the grant of an extension of time to file that statement.

////

////

////

2

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's June 16, 2017 motion for an extension of time (ECF No. 99) is granted. By August 15, 2017, plaintiff shall file his pretrial statement. Defendants shall filed their pretrial statement by August 31, 2017.
2. Plaintiff's June 16, 2017 motion for internal affairs to submit a report (ECF No. 100) is denied.

Dated: June 21, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/mccl0264.pts eot

3