UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK, | No. 2:13-cv-0264 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| COLOSIMO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants Colosimo and Beshears violated his Eighth Amendment right to be free of cruel and unusual punishment when they allowed a door to remain closed on him. In a revised scheduling order issued June 21, 2017, the court set a deadline of August 15, 2017 for plaintiff's pretrial statement and August 31, 2017 for defendants' pretrial statement. (ECF No. 102.)

Plaintiff now moves the court for an extension of that deadline because he has been unable to communicate with an incarcerated witness, inmate Rameses. (ECF No. 105.) Plaintiff also moves for an order compelling Mule Creek State Prison ("MCSP") to permit him to communicate with this witness. (ECF No. 104.) In an order filed August 2, 2017, the court ordered defendants to respond to plaintiff's "motion to compel." On August 9, 2017, defendants filed an opposition to plaintiff's motion. (ECF No. 107.)

Defendants confirm plaintiff's description of the facts underlying his motion to compel. Simply put, plaintiff filed the proper form with prison authorities to be permitted to communicate with an incarcerated witness, who he identified by name and prison identification number, but was told that he would not be permitted to communicate with that witness unless they were "co-litigants." Defendants state that MCSP is a "sensitive needs prison facility"[1] and, as such, has a particular need to limit inmate correspondence for the safety and security of the institution. Defendants are clear that they had no reason to think plaintiff sought to communicate with inmate Rameses for an improper reason. However, defendants also state that Rameses was known as a "hit man" prior to his incarceration. According to defendants, one basis for MCSP's limitation on communication between inmates is reducing the possibility of communications that are intended to have "hit men" cause harm.

The court denied defendants Colosimo and Beshears' motion for summary judgment. (See ECF Nos. 86, 90.) Thus, this case is now proceeding to trial. As set out in the Further Scheduling Order issued on April 14, 2017, along with his pretrial statement, plaintiff must make a motion if he wishes to obtain the attendance of incarcerated witnesses at trial. (ECF No. 91.) In that motion, plaintiff must provide information about the witness's willingness to attend trial and knowledge of the facts. Plaintiff obviously cannot prepare such a motion without the opportunity to communicate with potential witnesses. Plaintiff has no way to communicate with potential inmate witnesses except through prison-approved correspondence.

The court finds plaintiff should be permitted to correspond with any inmate witness who may have information material to plaintiff's case. Plaintiff seeks to correspond with only one inmate witness, inmate Rameses. Defendants ask that the court require plaintiff to establish why he feels Rameses may have information relevant to his case. However, plaintiff has already done so. During his deposition, defendants' counsel asked plaintiff if he knew the names of any

---

[1] Inmates who are designated as "sensitive needs" require housing in a separate environment because of their inability to program safely in a traditional general population setting. See Padilla v. Evans, No. C 06-01725 JF (PR), 2009 WL 773525, at *3 (N.D. Cal. Mar. 23, 2009). Among the inmates designated as "sensitive needs" inmates are those who dropped out of a prison gang or other disruptive group, who are victims or targets for assault because of their commitment offense or their age, or who have enemy concerns. Id. at 3 n.2.

witnesses. (Transcr. of Mar. 10, 2016 Depo. of John McClintock ("Depo.") at 87, lodged here on May 20, 2016 (see ECF No. 80).) Plaintiff responded that he mostly knew inmates' nicknames. The one inmate he identified by name was "Bobby. I think it's Ramseys." (Id. at 88.) Plaintiff testified that this inmate told plaintiff he had seen "the whole thing." (Id.) It is not a stretch to find that the inmate the court reporter identified as "Ramseys" is inmate Rameses, who plaintiff now seeks to contact.

The court finds plaintiff has established good cause to be permitted to communicate with inmate Rameses and his motion requiring MCSP to allow him to do so will be granted. In addition, based on plaintiff's difficulties communicating with Rameses, he has shown good cause for an extension of time to file his pretrial statement.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 104) is granted. Within seven days of the filed date of this order, defendants' counsel shall contact the litigation coordinator at MCSP to inform him or her that plaintiff must be permitted to communicate with inmate Rameses immediately.

2. Plaintiff's motion for an extension of time (ECF No. 105) is granted. By September 30, 2017, plaintiff shall file his pretrial statement and any motions for the attendance of witnesses at trial. By October 15, 2017, defendants shall file their pretrial statement.

Dated: August 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/mccl0264.pts eot2

3